**FILED**

**2:38 pm Jun 17 2019**

**Clerk U.S. District Court
Northern District of Ohio
Cleveland**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **ANTOINE POLLARD,** | ) | **CASE NO. 1:19 CV 1362** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ARMOND BUDISH, et al.,** | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Antoine Pollard, a detainee in the Cuyahoga County Jail, has filed a civil rights complaint in this action against County Executive Armond Budish, Warden Eric Ivey, Sheriff Cliff Pinkney, and Correctional Director Ken Mills, seeking damages for "inhumane living conditions [and] cruel and unusual punishment." (Doc. No. 1 at 3.)

Asserting he has been incarcerated in the Jail since March 2019, the Plaintiff complains of numerous alleged conditions in the Jail. He complains that he has "been denied medical and mental health treatment," he has "sent several grievances and kites only to be ignored," and he was "injured by staff" when he was involved in a fight. (*Id*. at 3-4.) Additionally, he generally complains: "we have to breath in asbestos, black mo[ld] and the water has lead in it and the food trays smell like feces"; he has been "deprived of large muscle recreation"; and "we're always on Red Zone so I'm deprived of showers and phone calls to my family and lawyers [and] also there's Bed Bugs in this place and Bugs in the Food." (*Id*. at 4.)

**Standard of Review**

Federal district courts are required to screen all complaints in which a prisoner seeks redress from governmental officers and employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). To state a claim on which relief may be granted, a *pro se* complaint must allege sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

**Discussion**

The court finds the plaintiff's complaint must be dismissed under § 1915A for failure to state a claim.

The plaintiff does not set forth allegations specifically connecting any defendant to the unconstitutional conditions or misconduct he alleges, and it is well established that supervisory officials cannot be liable for constitutional violations of subordinates under 42 U.S.C. § 1983 solely on the basis of *respondeat superior*. A plaintiff cannot establish the individual liability of any defendant for constitutional violations absent allegations showing that each defendant was personally involved in the conduct which forms the basis of his claims. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, the plaintiff's allegations are insufficient to suggest that his constitutional rights were violated as a result of an unconstitutional policy of the County itself.

## Conclusion

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.

      IT IS SO ORDERED.

6/17/2019

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE